UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THOMAS NEAL LUCKEY | CIVIL ACTION NO. 05-1176 |
| versus | JUDGE HICKS |
| POLICE DEPARTMENT OF SHREVEPORT | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Thomas Luckey ("Plaintiff") alleges that members of the Shreveport Police Department used excessive force during and after an arrest of Plaintiff. Plaintiff's pro se complaint does not clearly identify who Plaintiff intends to be defendants, and the civil cover sheet lists only "Shreveport Police Department" as a defendant. A summons was issued for the department, and a return was filed.

The court issued an order (Doc. 6) explaining that the police department is merely a department of the city and not a legal entity capable of being sued. Plaintiff was permitted until March 1, 2006 to file an amended complaint to identify with particularity any person or entity who is intended to be a defendant. He was also directed to obtain summonses for any defendants so identified and make service promptly. The order cautioned: "Failure to file an amended complaint by March 1, 2006 or failure to make service of any identified defendant within the 120 days permitted by Federal Rule of Civil Procedure 4(m) and Local Rule 41.3W may lead to the dismissal of the complaint without further notice."

The Clerk mailed a copy of the order to Plaintiff at the address he provided on his complaint. The post office returned the mail as undeliverable, marked with an indication that Plaintiff had moved and left no forwarding address. Doc. 7. Local Rule 11.l states: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3W provides: "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

The March 1 deadline to file an amended complaint has long since come and gone without compliance. It has also been more than 30 days since mail delivered to Plaintiff at his last known address was returned. The court has no idea of Plaintiff's current address. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to prosecute is warranted. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 21st day of April, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE